## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Lori Mary Esquivel,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:24-CV-00993-ADA** |
| | § | |
| **The United States of America,** *et al.,* | § | |
| *Defendants* | § | |

| | | |
|---|---|---|
| **Joseph R. Esquivel, Jr.,** | § | |
| *Plaintiff* | § | |
| | § | **Case No. 1:24-CV-00947-ADA** |
| **v.** | § | |
| | § | |
| **The United States of America,** *et al.,* | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ALAN D ALBRIGHT
### UNITED STATES DISTRICT JUDGE

Before the Court are the United States' Motions to Dismiss Under Rule 12(b)(1), (4), (5), and (6) (Dkt. 4 in 1:24-CV-993-ADA; Dkt. 7 in 1:24-CV-00947-ADA), filed November 7, 2024; Plaintiffs' Motions for Summary Judgment, filed November 13, 2024 (Dkt. 5 in 1:24-CV-993-ADA; Dkt. 8 in 1:24-CV-00947-ADA); and the United States' Responses to Plaintiffs' Motions for Summary Judgment, filed December 2, 2024 (Dkt. 6 in 1:24-CV-993-ADA; Dkt. 9 in 1:24-CV-00947-ADA).

By Text Orders issued January 10 and 13, 2025, the District Court referred the motions to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I.    Background

Plaintiffs Joseph R. Esquivel, Jr. and Lori Mary Esquivel, proceeding *pro se*, bring identical tax protester suits against the United States of America, the U.S. Department of the Treasury, the Internal Revenue Service ("IRS"), two IRS agents, and the U.S. Deputy Assistant Attorney General for the Tax Division ("Defendants"). Plaintiffs' Complaints (Dkt. 1 in 1:24-CV-993-ADA; Dkt. 6 in 1:24-CV-00947-ADA).[1]

Plaintiffs are residents of Manor, Texas who claim to be "sovereign citizens" outside the jurisdiction of the federal government and therefore immune from paying federal income taxes. Dkt. 1 at 6. While it is difficult to discern what specific causes of action Plaintiffs assert, they generally allege that the IRS "is not a lawful bureau or department" within the Treasury Department and has no "jurisdiction" to levy taxes against them, and that they have "no legal duty or obligation whatsoever to complete and file a Form 1040." *Id.* at 10-11. Plaintiffs also allege that their constitutional rights were violated by the IRS assessment of taxes. Plaintiffs demand an "accounting" and access to IRS records. *Id.* at 6-7. The relief they seek includes a refund of any taxes they paid to the IRS; a declaration that they are "non-taxpayers," have no obligation to file a Form 1040 or pay federal income taxes, and that any taxes assessed against them are "null and void"; and appointment of a "qualified judge from the Court of International Trade" to adjudicate their cases. *Id.* at 14-17.

The United States moves to dismiss Plaintiffs' claims under Rule 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, for failure to state a plausible claim for relief and failure to serve. Plaintiffs move for summary judgment under Rule 56(a).

---

[1] Because Plaintiffs' complaints are virtually identical, the Court cites only Lori Esquivel's Complaint.

## II. The United States' Motion to Dismiss

The United States argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims because federal law does not permit injunctive or declaratory relief for the assessment of income taxes. The Court agrees.

### A. Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the district court to hear a case. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (citation omitted). On a Rule 12(b)(1) motion, the party seeking to invoke federal jurisdiction has the burden of proof. *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). To bear that burden, the party "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161.

In ruling on a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020).

### B. Subject Matter Jurisdiction

"The United States, as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941); *see also U.S. v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Sovereign immunity "renders the United States, its

departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987). To sue Defendants, therefore, Plaintiffs must show that they are suing under a federal statute that has waived the government's sovereign immunity. Plaintiffs identify no such waiver.

## C. Analysis

### 1. Tax Refund and Accounting Claims

Plaintiffs appear to seek a tax refund of any taxes or penalties they paid to the IRS between 2012 and 2018. Dkt. 1 at 17. The United States[2] has consented to be sued for "erroneously or illegally assessed or collected" taxes. 28 U.S.C. § 1346(a)(1). But a plaintiff suing under that statute must comply with its jurisdictional requirements before bring suit. *Schaeffler v. U.S.*, 889 F.3d 238, 242 (5th Cir. 2018). These requirements include (1) fully paying the assessed tax; (2) filing a timely administrative claim for refund with the IRS; and (3) waiting until either the IRS denies the claim or six months have expired after filing the administrative claim. 26 U.S.C. §§ 6532(a), 7422(a). Failure to comply with these prerequisites deprives the court of subject matter jurisdiction. *U.S. v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 14 (2008); *BNSF Ry. Co. v. U.S.*, 775 F.3d 743, 757 (5th Cir. 2015). Because Plaintiffs do not plead or provide any evidence that they complied with any of the § 7422(a) prerequisites, the Court lacks jurisdiction over any tax refund claim.

---

[2] Defendant correct asserts that the United States—not the IRS or the Treasury Department—is the proper defendant in a tax refund suit. *See Castleberry v. A.T.F.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976) ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued eo nomine."); *Chavez v. W. Texas Outreach*, No. 2:18-CV-62-AM-CW, 2019 WL 6037257, at *5 n. 11 (W.D. Tex. July 1, 2019) ("As an initial note, the United States, not the IRS, is the proper defendant in a tax suit."), *R. & R. adopted*, 2019 WL 6037269 (W.D. Tex. Sept. 11, 2019).

### 2. Declaratory Relief

Plaintiffs also ask the Court to (1) issue a declaratory judgment declaring that any taxes assessed against them are null and void because they are non-taxpayers, and that they need not file a Form 1040; and (2) appoint a judge from the United States Court of International Trade to adjudicate their claims. The Court also lacks jurisdiction to grant these requests.

The Declaratory Judgment Act ("DJA") and the Anti-Injunction Act ("AIA") bar the declaratory relief sought. The DJA provides: "In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). Similarly, the AIA provides that, with certain exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). "These two provisions prohibit federal courts from entertaining proceedings for declaratory relief in cases involving federal taxes." *Warren v. United States,* 874 F.2d 280, 282 (5th Cir. 1989); *accord Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 345 (5th Cir. 2021); *Matter of Westmoreland Coal Co.*, 968 F.3d 526, 533 (5th Cir. 2020). The Court lacks jurisdiction to declare Plaintiffs "non-taxpayers" under the Internal Revenue Code or that any past tax assessments are null and void.

The Court also lacks jurisdiction to appoint a judge from the United States Court of International Trade to adjudicate Plaintiffs' claims. "The Court of International Trade, like all federal courts, is a court of limited jurisdiction." *Sakar Int'l, Inc. v. U.S.*, 516 F.3d 1340, 1349 (Fed. Cir. 2008). The "jurisdictional limits" of the Court of International Trade are in the Customs Courts Act. 28 U.S.C. §§ 1581-84. The Court of International Trade has jurisdiction "over specific types of claims mostly involving trade law that are asserted by or against the United States." *Sioux*

*Honey Ass'n v. Hartford Fire Ins.*, 672 F.3d 1041, 1051 (Fed. Cir. 2012). Plaintiffs' claims have no connection to international trade law and do not fall under the jurisdiction of the Court of International Trade. In addition, the jurisdiction of the Court of International Trade, like all federal courts, "is not to be expanded by judicial decree." *Sakar*, 516 F.3d at 1349. This Court lacks jurisdiction to grant the relief Plaintiffs request.

### 3.  Alternative Arguments

While the Court need not address the United States' alternative arguments for dismissal, the Court agrees with the United States that Plaintiffs' sovereign citizen objection to federal jurisdiction and their purported immunity from paying federal income taxes are frivolous.

The "sovereign citizen" movement "is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." *U.S. v. Weast*, 811 F.3d 743, 746 (5th Cir. 2016). Federal courts routinely reject such arguments as "nonsensical and wholly without merit." *Id.*; *see also U.S. v. Montgomery*, 778 F.2d 222, 224-25 (5th Cir. 1985) (characterizing "sovereign" citizen's arguments against the authority of the IRS to collect federal income taxes as "frivolous" and "the time-worn arguments of those persons who are attempting to avoid their fair share of the costs of the government that organizes the society in which they live"); *Crain v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984) (characterizing petitioner's claim that IRS lacked jurisdiction "over his person" to levy taxes on his income as "frivolous" and "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish"). "The constitutionality of our income tax system—including the role played within that system by the Internal Revenue Service and the Tax Court—has long been established." *Id.* at 1417-18. Plaintiffs' arguments to the contrary are frivolous.

**4. Conclusion**

Because the Court lacks jurisdiction over all Plaintiffs' claims, their Complaints must be dismissed under Rule 12(b)(1).

### III.    Plaintiffs' Motion for Summary Judgment

Summary judgment shall be rendered under Rule 56(a) when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

Plaintiffs make the conclusory arguments that they are entitled to summary judgment and that Defendants have defaulted any defense to their claims. Dkt. 5 at 2.  As stated, their allegations are frivolous and they are not entitled to summary judgment. *See Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 248 (5th Cir. 2008) ("Summary judgment is proper when the movant can demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.").

### IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court:

(1) **GRANT** the United States' Motions to Dismiss (Dkt. 4 in 1:24-CV-993-ADA; Dkt. 7 in 1:24-CV-00947-ADA) and **DISMISS** Plaintiffs' Complaints (Dkt. 1 in 1:24-CV-00993-ADA; Dkt. 6 in 1:24-CV-00947-ADA) for lack of subject matter jurisdiction;

(2) **DENY** Plaintiff's Motion for Summary Judgment (Dkt. 8); and

(3) **ENTER FINAL JUDGMENT for** Defendants and **CLOSE** these cases.

**IT IS ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable Alan D Albright.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 13, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE